UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 8:18-cv-01727-SB-DFM | Date: | 5/14/2021 |
|---|---|---|---|

Title: *Damian Raffele v. VCA, Inc.*

Present: The Honorable **STANLEY BLUMENFELD, JR., U.S. District Judge**

| Victor Cruz | Katie Thibodeaux |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):
James P. Kemp
Randy Rumph

Attorney(s) Present for Defendant(s):
Erika Lynn Shao
Stephen E. Ronk

**Proceedings:** PTC HEARING - PRETRIAL CONFERENCE ORDER

The Court sets the jury trial for **July 6, 2021 at 8:30 a.m.** As the Central District resumes jury trials, the Court is trailing civil jury trials behind criminal trials, generally on a day-by-day basis, because of (1) the limited number of jury panels permitted each week in the courthouse during the pandemic and (2) the uncertain availability of a jury panel for a civil case.  The Court may not know whether a jury panel is available for a civil case until as late as the morning of the day of jury selection, because a civil case may be trailing behind a criminal case that settles on the day of jury selection, requiring the civil trial to commence that same day.  The Court is aware of the inconvenience to the parties, counsel, and witnesses and appreciates everyone's patience and cooperation during this difficult time.

The Court has reviewed the pretrial filings, including the joint witness list and proposed jury instructions. The number of witnesses and time estimates appear excessive given the relatively minimal complexity of this case. Furthermore, there are disputes regarding numerous jury instructions without sufficient briefing. To

properly manage this case, the Court requires the parties to file the supplemental material detailed below *by no later than June 15, 2021.*

**Witnesses**.  The parties must resubmit a joint witness list that contains a specific offer of proof *for each witness*, describing in detail (a) each specific subject about which the witness will testify, (b) the relevance of each subject, (c) the admissibility of each subject under Rules 402 and 403 of the Federal Rules of Evidence; and (d) the amount of time anticipated on direct examination and cross-examination on each subject.  The failure to provide the specific information required may result in exclusion of evidence or appropriate sanctions.  The parties shall meet and confer in preparing this joint witness list by no later than **June 1, 2021**, and continuing as necessary, and shall cooperate in reasonably identifying the time needed for direct examination and cross-examination on each subject.

**Exhibits**.  The parties must meet and confer about the exhibits intended to be introduced at trial.  Each exhibit must be introduced for admission as a whole rather than a portion thereof.  For example, if a party seeks to introduce a portion of medical records, the portion to be introduced must be presented as its own exhibit (and not as a part of a whole).  This applies to all evidence, including photographs and other reproductions or depictions.

On or before **June 15, 2021**, the parties are ordered to resubmit a joint exhibit list that contains each exhibit to be admitted in the table form below with the first five columns completed by the parties in full:

| **Ex. No.** | **Description** | **Stipulation** | **Objection** | **Response** | **[Ruling]** |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Jury Instructions**. The parties must meet and confer about any jury instructions or verdict forms that remain in dispute. If the parties can stipulate to any jury instructions, they must file an updated joint set of instructions on which there is agreement. For each proposed instruction that remains in dispute, the parties shall submit a joint filing, including:

- Plaintiff's proposed instruction; a short statement from Plaintiff (one or two paragraphs), including points and authorities, in support of the instruction; and a short statement from Defendant, including points and authorities, in support of any objections.

- Defendant's proposed alternative instruction; a short statement from Defendant, including points and authorities, in support of the instruction; and a short statement from Plaintiff, including points and authorities, in support of any objections.

The parties shall do the same for any verdict forms in dispute. This joint submission is due **June 15, 2021.**

Given the apparent importance and possible complexity of the jury instruction concerning an employee's obligation to submit to an independent medical examination at the request of an employer, each side may have up to five pages in their portion of the joint filing for that instruction.

The Court emphasizes that its Pretrial and Trial Order states that counsel "may submit alternatives" to the model jury instructions "only if counsel has a reasoned argument that they do not properly state the law or are incomplete." Accordingly, deviations from model instructions are disfavored. To the extent that a party seeks an amended or special instruction, it must show that the model is incomplete or wrong, or that it will be prejudiced without the amended/special instruction.

**Other matters.** In the event there are other issues that must be resolved before trial, they should be identified in the **June 15, 2021** pretrial submission. Both parties should present their position along with a short statement, supported with legal authority, for why their position is correct and why the opposition's position is incorrect.

At the pretrial conference, the parties indicated their intention to present deposition testimony in lieu of live testimony. The parties are **ORDERED** to meet and comply with the proper procedures to present such deposition testimony in lieu of a live witness. The parties must also submit a joint filing by **June 15, 2021** clearly identifying the portions of the depositions to be presented at trial. Objections to any portion(s) of the proposed testimony must be stated in the margins in text boxes, stating only the ground(s) for the objection and the brief response. (Example: "Objection, hearsay." "Response—excited utterance.")

**IT IS SO ORDERED**.

0/38